Randy Lee GRADY, Plaintiff–Appellee,

v.

E. ROBINSON, Dr.; R.N. Wilkerson; M. Villages; L.A. Cagle; J. Moreno; Charles I. Hooper; M. Cady, Correctional Officer; K. Oparka, Defendants–Appellants.

No. 00–15182.

D.C. No. CV–98–01929–WBS/JFM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2001.

Decided July 30, 2001.

---

Before SCHROEDER, Chief Judge, D. NELSON and RAWLINSON, Circuit Judges.

MEMORANDUM *

The Appellants, members of the High Desert State Prison staff ("the staff"), appeal the district court's denial of their motion for summary judgment on the basis of qualified immunity. The staff also appeals the denial of their parallel request to limit discovery.

Appellee Randy Lee Grady ("Grady") asserts that the staff exhibited deliberate indifference to his medical needs, in violation of the Eighth Amendment. We reverse and remand with instructions to enter summary judgment for the staff.

The district court denied defendants' motion for summary judgment without making a finding that Grady had raised a genuine issue of material fact regarding qualified immunity. The district court relied on *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir.1992). However, the prisoner in *Hamilton* raised a genuine issue of

material fact as to whether prison officials were deliberately indifferent to his medical needs. Accordingly, *Hamilton* did not establish a blanket prohibition against granting a summary judgment motion based on qualified immunity merely because a plaintiff alleges an Eighth Amendment violation. The district court was still required to view the facts in the light most favorable to Grady, and determine whether the actions of the staff could have constituted deliberate indifference to his medical needs. *See id.; see also Jeffers v. Gomez*, 240 F.3d 845, 852–53 (9th Cir.2001).

Pursuant to our *de novo* review, we view Grady's case from the same position as the district court. *See Lake Mohave Boat Owner's Ass'n v. Nat'l Park Serv.*, 138 F.3d 759, 762 (9th Cir.1998). The record reflects that the medical staff never ignored Grady's complaints; rather, they actively treated him. The staff examined Grady numerous times, performed a CAT scan of his brain and pelvis, excised a gluteal mass, and scheduled exploratory surgery to determine the cause of his pain. Grady failed to raise a genuine issue of material fact regarding deliberate indifference, because his complaints of pain were evaluated and addressed. Concerning the staff who allegedly "forced" Grady to work at his prison job, despite his back injury, he has offered no evidence demonstrating that those defendants deliberately denied or delayed his access to his medical care. *See Jeffers*, 240 F.3d at 854, 855–56.

Therefore, defendants were entitled to summary judgment on their qualified immunity defense. Because we have ruled that defendants were entitled to qualified immunity, we do not address the discovery issue.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

REVERSED and REMANDED with instructions to enter summary judgment on behalf of defendants.